IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL CASE |
| | : | |
| CARL MITCHELL HOOPER | : | 4:06-CR-075 (RLV) |
| | : | |

MOTION TO SUPPRESS EVIDENCE

Comes now, CARL MITCHELL HOOPER, Defendant in the above-styled action, by and through undersigned counsel and moves this Court to suppress all evidence obtained as a result of a warrantless search conduced on or about June 17, 2006.  In support of this Motion, Mr. Hooper shows as follows:

(1)

Mr. Hooper is the lone defendant named in a two count indictment charging him with knowingly transporting an individual who had not attained the age of eighteen in interstate commerce with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense (Count I); and knowingly persuading, inducing, enticing or coercing an individual to travel in interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense (Count II).

From the discovery provided thus far, it appears that the Government will attempt to admit into evidence at trial, items seized as a result of a warrantless search of Mr. Hooper's vehicle conducted on June 17, 2006, at Jacksonville Beach, Florida.

## ARGUMENT AND AUTHORITY

The Fourth Amendment to the United States Constitution protects people from warrantless searches and seizures. Indeed, it is well settled that "searches undertaken without a warrant issued upon probable cause are '*per se* unreasonable ... subject only to a few specifically established and well-delineated exceptions'" *United States v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988), quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). When the Government seizes evidence without first obtaining a warrant, it must shoulder the burden of proving there was (1) probable cause to stop the vehicle and search it and that (2) exigent circumstances mandated the search and seizure. *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970). Here, the Government cannot do so. Initially, the stop of the vehicle was not based upon probable cause and the proffered reason was invalid and pretextual.

Mr. Hooper respectfully requests that this Court conduct an evidentiary hearing wherein the Government would be required to carry its burden establishing that the warrantless search of Mr. Hooper's vehicle was lawful.

Dated, this the 20th day of May, 2007.

Respectfully submitted,


*s/Jeffrey L. Ertel*
JEFFREY L. ERTEL
State Bar No. 249966

Federal Defender Program, Inc.
100 Peachtree Street
Suite 1700
Atlanta, Georgia 30303
(404) 688-7530

ATTORNEY FOR MR. HOOPER

# CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Local Rule 5.1, the forgoing Motion has been formatted in Times New Roman, 14 Point, has been electronically filed and served upon counsel for the Government at the following:

> Jane Swift, Esq
> 600 Richard B. Russell Building
> 75 Spring Street
> Atlanta, Georgia 30303

Dated, this the 20th day of May, 2007.

*s/Jeffrey L. Ertel*